UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN MORAN,

        Plaintiff,                              Hon. Gordon J. Quist

v.                                                    Case No. 1:12-CV-614

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.
_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant Adamson's Motion for Summary Judgment based on Plaintiff's Failure to Exhaust Administrative Remedies</u>. (Dkt. #17). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this action **terminated**.


## BACKGROUND

Plaintiff initiated this matter on June 14, 2012, against the Michigan Department of Corrections and the following prison officials: (1) Chaplain Adamson; (2) Assistant Deputy Warden Krick; (3) Deputy Warden Trierweiler; and (4) Warden Smith. (Dkt. #1). Plaintiff alleges that Chaplain Adamson "cancelled the Native American Traditional Ways Religious service" thereby violating his First Amendment right to freely practice his religion. On screening, the Honorable Gordon J. Quist dismissed Plaintiff's claims, save his claims against Chaplain Adamson, (dkt. #8-9), who now moves

for summary judgment on the ground that Plaintiff failed to properly exhaust his administrative remedies.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir.

2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains

evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## **ANALYSIS**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

When assessing whether a prisoner has properly exhausted his claims as required by the PLRA, it is appropriate to seek guidance from the substantively similar exhaustion rules applicable to petitions for writ of habeas corpus. *See Woodford,* 548 U.S. at 88. In the habeas context, a petitioner is required to properly present his federal claims through one complete round of the State's established appellate review process. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). To "'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies." *Id.* at 848 (citation omitted). The Supreme Court has stated that in the habeas context, "the sanction for failing to exhaust properly (preclusion of federal review) is called procedural default." *Woodford,* 548 U.S. at 92. To determine whether a habeas petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir.2004), *cert. denied,* 544 U.S. 928 (2005); *accord Lancaster v. Adams,* 324 F.3d 423, 436-37 (6th Cir.2003).

Under the procedural default component of § 1997e(a), a prisoner's claims are procedurally defaulted if he fails to complete the administrative review process in accordance with the deadlines and other applicable procedural rules and prison officials actually relied upon the procedural rule to bar review of the grievance. *See Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir.2005), *cert. denied,* 126 S.Ct. 2978 (2006); *Spruill v. Gillis,* 372 F.3d 218, 222 (3rd Cir.2004) (holding that "the determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is

made by evaluating the prisoner's compliance with the prison's administrative regulations"). Moreover, just as procedural default in the federal habeas corpus context must be predicated on an adequate and independent state ground, the procedural requirements of a prison grievance system may not be imposed in a way that offends the United States Constitution or the intended purposes of § 1997e(a). *See Spruill,* 372 F.3d at 232.

Plaintiff attached to his unverified complaint copies of a grievance he initiated regarding his claim against Chaplain Adamson. (Dkt. #1). This material indicates that Plaintiff submitted a Step I grievance on April 6, 2011, which was denied on April 15, 2011. Plaintiff appealed this determination to Step II on April 26, 2011. Plaintiff's Step II grievance was denied on May 4, 2011. There is no indication that Plaintiff timely or properly pursued this grievance to Step III. In fact, part of Plaintiff's submission indicates that his belated attempt to pursue this matter to Step III was rejected as untimely. With respect to exhaustion of his administrative remedies, Plaintiff states in his unverified complaint only that "a grievance was filed" and "grievance process was used without any effect." Plaintiff makes no allegations in his complaint that his attempt to pursue this particular grievance was thwarted or in any way impeded.

In support of his motion for summary judgment, Defendant has submitted evidence that Plaintiff failed to pursue his grievance against Chaplain Adamson through all three steps of the prison grievance process. (Dkt. #18, Exhibits 2-3). Specifically, the evidence submitted by Defendant indicates that while Plaintiff pursued the grievance in question through the first two steps of the grievance process, Plaintiff failed to properly pursue the matter through step three of the grievance process. (Dkt. #18, Exhibits 2-3).

In response to Defendant's motion, Plaintiff submitted an unsworn pleading to which he attached three exhibits. (Dkt. #21). None of these exhibits advance Plaintiff's position. The first exhibit consists of material that Plaintiff mailed directly to the Director of the Michigan Department of Corrections on or about September 19, 2011. (Dkt. #21, Exhibit A). Specifically, Plaintiff mailed to the director a letter detailing his argument that his right to freely practice his religion was being denied. This material was interpreted as Plaintiff's Step III grievance, but was rejected as untimely, as previously noted. The other two exhibits attached to Plaintiff's response do not even concern his attempts to properly exhaust his claims against Chaplain Adamson. (Dkt. #21, Exhibits B-C). Plaintiff has not submitted with his response any other evidence, affidavit, or sworn statement. Instead, Plaintiff relies on the following unsworn statement:

> Step Three grievance was not allowed to be sent by internal mail system and is not eligible to meet expedited handling per policy 05.03.118. The policy state[s] interdepartmental mail runs but it is up to the counselor as such.

(Dkt. #21).

Plaintiff's statement is not consistent with Policy Directive 05.03.118. More importantly, however, even if Plaintiff's statement is interpreted as asserting that his attempts to mail his Step III grievance were thwarted by prison officials, because this is an unsworn statement it simply fails to advance Plaintiff's position. *See, e.g., Rogers v. Lilly*, 292 Fed. Appx. 423, 428 n.3 (6th Cir., Aug. 22, 2008) ("only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment"). Plaintiff later states in his response that "it [presumably his Step III grievance] was sent by first class mail from Carson City DRF mail room but no verification can be proven since there is no receipt." (Dkt. #21). Again, because this statement is not sworn it does not constitute evidence in opposition to Defendant's motion. In sum, Defendant Adamson has satisfied his burden to demonstrate

that Plaintiff failed to properly exhaust the claims against him. Plaintiff has failed to submit any *admissible evidence* creating a genuine issue of material fact on the issue whether he properly exhausted his administrative grievances with respect to the claims in question. Accordingly, the undersigned recommends that Defendant's motion be granted and Plaintiff's claims against Defendant Adamson be dismissed without prejudice.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant Adamson's Motion for Summary Judgment based on Plaintiff's Failure to Exhaust Administrative Remedies</u>, (dkt. #17), be **granted**, Plaintiff's claims against Defendant Adamson be **dismissed without prejudice**, and this action **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 23, 2013

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge