UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN MORAN,

       Plaintiff,                                  Hon. Gordon J. Quist

v.                                                    Case No. 1:12-CV-614

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

       Defendants.
_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for the Violation of a Constitutional Right of the First Amendment. (Dkt. #11). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.


## ANALYSIS

Plaintiff initiated this matter on June 14, 2012, against the Michigan Department of Corrections and the following prison officials: (1) Chaplain Adamson; (2) Assistant Deputy Warden Krick; (3) Deputy Warden Trierweiler; and (4) Warden Smith. (Dkt. #1). Plaintiff alleges that Chaplain Adamson "cancelled the Native American Traditional Ways Religious service" thereby violating his First Amendment right to freely practice his religion. On screening, the Honorable Gordon J. Quist dismissed Plaintiff's claims, save his claims against Chaplain Adamson. (Dkt. #8-9).

Plaintiff brings the present motion in which he requests that the Court award him various monetary and equitable relief. Plaintiff does not cite to Federal Rule of Civil Procedure 56, or any other rule of civil procedure, in support of his request for relief. The Court has nevertheless interpreted Plaintiff's motion as requesting the entry of summary judgment. While Plaintiff writes at length describing the basis for his claim that his right to freely practice his religion has been violated, Plaintiff has failed to submit evidence demonstrating that he is entitled to the requested relief.

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To obtain summary judgment as to a claim on which he bears the burden at trial, Plaintiff must present evidence "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Plaintiff has failed to submit evidence satisfying this standard. Moreover, the undersigned has previously recommended that Plaintiff's remaining claims against Chaplain Adamson

be dismissed for failure to properly exhaust his administrative remedies. Accordingly, the undersigned recommends that Plaintiff's motion be **denied**.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for the Violation of a Constitutional Right of the First Amendment, (dkt. #11), be **denied**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 23, 2013 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge