UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MORAN,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____/

Case No. 1:12-CV-614

HON. GORDON J. QUIST

## **ORDER ADOPTING REPORT AND RECOMMENDATIONS**

On May 23, 2013, Magistrate Judge Ellen S. Carmody issued two Report and Recommendations (R & Rs) (docket nos. 26–27) recommending that this Court grant Defendant Adamson's motion for summary judgment (docket no. 17), deny Plaintiff's motion for summary judgment (docket no. 11), and dismiss the case. Plaintiff has filed a timely Objection. When a party properly objects to any part of a magistrate judge's proposed disposition, this Court must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). After conducting a *de novo* review of both R & Rs, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & Rs should be adopted and the case dismissed.

Plaintiff makes two general objections to the R & R: (1) that he exhausted his available administrative remedies, and (2) Defendants deprived him of his right to religious practice in violation of the First Amendment to the United States Constitution. Although Plaintiff restates the facts and law on which he previously relied in his motion for summary judgment and response to Defendant Adamson's motion for summary judgment, he does not advance a specific objection to the magistrate judge's analysis or proposed disposition.

The Sixth Circuit has held that "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)); *see also* Fed. R. Civ. P. 72(b)(2) (requiring "specific written objections to the proposed findings and recommendations").

In this case, Moran has failed to present a specific objection to either R & R. As such, the Court is unable to "discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380. Finding no other objections, the Court will adopt the R & Rs as the opinion of the Court. Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendations (docket nos. 26–27) are **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (docket no. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (docket no. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to the Report and Recommendation (docket no. 28) is **OVERRULED**.

A separate judgment will issue.

This case is concluded.

Dated: August 14, 2013  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE